# United States District Court
## Middle District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>COREY PEMBROOK | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:   3:08CR00002-004<br><br>Gideon T. Carter, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]   pleaded guilty to count(s): <u>1, 5, and 6 of the Indictment</u> .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.
      Accordingly, the court had adjudicated that the defendant is guilty of the following offenses:

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>11</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]   Count(s) ___ is/are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and US Attorney of any material change in the defendant's economic circumstances.

8/12/2010
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

RALPH E. TYSON, CHIEF JUDGE
Middle District of Louisiana
Name & Title of Judicial Officer

8/24/10
Date

USATTY

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 1A

CASE NUMBER:    3:08CR00002-004
DEFENDANT:    COREY PEMBROOK

Judgment - Page 2 of 11

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | November 2007 | 1 |
| 18 U.S.C. § 511(a)(1) | Removing and Altering Motor Vehicle Identification Numbers | July 26, 2007 | 5 |
| 18 U.S.C. § 511(a)(1) | Removing and Altering Motor Vehicle Identification Numbers | August 14, 2007 | 6 |

AO 245B     (Rev. 03/01) Judgment in a Criminal Case
            Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 3:08CR00002-004 | Judgment - Page 3 of 11 |
| DEFENDANT: | COREY PEMBROOK | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 57 months.

A term of 57 months on each of counts I, V, and VI, to be served concurrently.

[ ]     The court makes the following recommendations to the Bureau of Prisons:

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 3:08CR00002-004 | Judgment - Page 4 of 11 |
| DEFENDANT: | COREY PEMBROOK | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 years .

A term of three years on each of counts one, five, and six, all such terms to run concurrently.
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[✔]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol; and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such controlled substance, except as prescribed by a physician.
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall participate in a substance abuse assessment and/or treatment program which may include urine testing and residential treatment, and shall assist in the cost of said treatment, as approved by the

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
            Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:08CR00002-004 | Judgment - Page 5 of 11 |
| DEFENDANT: | COREY PEMBROOK | |

probation officer.

2.  The defendant shall conscientiously pursue a course of study of vocational training that will equip him/her for suitable employment as approved the probation officer.

3.  The defendant shall submit his/her person, residence, office, all computers, computer-related devices, and peripheral equipment used by the defendant, vehicle and/or other areas under the supervisee's control, to a search, conducted by any United States Probation Officer or any other law enforcement personnel under the direction and control of the Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation; the defendant shall warn other residents or occupants that such premises or vehicles may be subject to searches pursuant to this condition.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
    Sheet 6 - Criminal Monetary Penalties

CASE NUMBER:        3:08CR00002-004                                                  Judgment - Page 6 of 11
DEFENDANT:          COREY PEMBROOK

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|          | Assessment | Fine | Restitution |
|----------|------------|------|-------------|
| Totals:  | $ 300.00   | $    | $ 299,351.91 |

[] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.  However, pursuant to 18 U.S.C.§3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| See attachment A. | $299,351.91 | $299,351.91 | |
| TOTALS: | | $299,351.91 | $____ |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days.  An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ] The interest requirement for the fine is waived.

  [ ] The interest requirement for the fine is modified as follows:

# RESTITUTION

[ ] The court modifies or waives interest on restitution as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
    Sheet 6 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 3:08CR00002-004 | Judgment - Page 7 of 11 |
| DEFENDANT: COREY PEMBROOK | |

# SCHEDULE OF PAYMENTS

Having accessed the defendant's ability to pay, payment of the total fine and other criminal monetary penalties are due as follows:

A    [✔]    Lump sum of $ 299,651.91  due immediately, balance due

        [] not later than _, or
        [] in accordance     [] C, [] D, [] E, or [] F below; or

B    [ ]    Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    []    Payment during the term of supervised release will commence within _(e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

    [✔]  Joint and Several

| Case Number (Including defendant number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| 3:08cr00002-007 | Carnell Rousell | $299,351.91 |
| 3:08cr00002-002 | David Grace | $299,351.91 |
| 3:08cr00002-008 | Reginald Taylor | $299,351.91 |
| 3:08cr00002-003 | Marvin Hudson | $299,351.91 |
| 3:08cr00002-001 | Andre Coleman | $299,351.91 |
| 3:08cr00002-005 | Yokubi Lewis | $46,716.00 |
| 3:08cr00002-006 | Brandin Learson | $42,121.89 |
| 3:07cr00240-001 | Jamie Brown | $22,673.60 |

[ ]    The defendant shall pay the cost of prosecution.

[]    The defendant shall pay the following court costs:

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
   Sheet 6 - Criminal Monetary Penalties

CASE NUMBER:        3:08CR00002-004                                              Judgment - Page 8 of 11
DEFENDANT:          COREY PEMBROOK

Attachment A

| | |
|---|---:|
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #CGWSL1018819 | $945.49 |
| Robert Levis Used Cars<br>312 Howze Beach Road<br>Slidell, LA 70458<br>Reference Claim #CGWSL1018819 | $1,000.00 |
| Farm Bureau Insurance Companies<br>P.O. Box 80319<br>Baton Rouge, LA 70898<br>Reference Claim #730349 | $9,888.34 |
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #RCC02696148 | $20,524.00 |
| Jim Robinson Chevrolet Cadillac<br>4012 14th Street<br>Pascagoula, MS 39568<br>Reference Claim #RCC02696148 | $2,500.00 |
| State Farm Insurance<br>Restitution Unit<br>ATTN: Dominga Coolidge<br>8900 Amberglen Boulevard<br>Austin, TX 78729<br>Reference Claim #53-P018-464 | $24,558.05 |
| Harco National Insurance Company<br>P.O. Box 68309<br>Schaumberg, IL 60168<br>Reference Claim #96040 | $4,474.24 |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
    Sheet 6 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER:     3:08CR00002-004 | Judgment - Page 9 of 11 |
| DEFENDANT:        COREY PEMBROOK | |

| | |
|---|---:|
| Acura of Baton Rouge<br>13550 Airline Highway<br>Baton Rouge, LA 70809<br>Reference 2003 Infiniti G35 | $16,000.00 |
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #CGWSL1013318 | $15,035.00 |
| Bryan Chevrolet, Inc.<br>2517 Veterans Boulevard<br>Kenner, LA 70004<br>Reference 2003 Infiniti G35 | $500.00 |
| Southland Dodge<br>6161 West Park Avenue<br>Houma, LA 70364<br>Reference 2002 Pontiac Firebird | $2,500.00 |
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #CMINT1012785 | $6,807.68 |
| Lexus of New Orleans<br>8811 Veterans Boulevard<br>New Orleans, LA 70003<br>Reference Claim #CMINT1012785 | $5,000.00 |
| T.S. | $600.00 |
| Allstate Insurance Company<br>3900 North Causeway, Suite 510<br>Metairie, LA 70002<br>Reference 1999 GMC Yukon | $10,304.76 |
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #CGWSL1020171 | $11,254.12 |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
    Sheet 6 - Criminal Monetary Penalties

CASE NUMBER:      3:08CR00002-004                                               Judgment - Page 10 of 11
DEFENDANT:        COREY PEMBROOK

| | |
|---|---:|
| Rainbow Chevrolet<br>2020 West Airline Highway<br>LaPlace, LA 70068<br>Reference Claim #CGWSL1020171 | $250.00 |
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #CMINT1018645 | $8,510.00 |
| Cadillac of Metairie<br>3101 Harvard Street<br>Metairie, LA 70006<br>Reference Claim #CMINT1018645 | $1,000.00 |
| American Road Insurance Company<br>P.O. Box 6069 - MD7795<br>Dearborn, MI 48121<br>Reference Claim #200604240055781 | $19,885.01 |
| DaimlerChrysler Insurance Company<br>P.O. Box 9219<br>Farmington Hills, MI 48333<br>Reference Claim #20060098160 | $45,716.00 |
| Gulfgate Dodge, Inc.<br>7250 Gulf Freeway<br>Houston, TX 77817<br>Reference Claim #20060098160 | $1,000.00 |
| Progressive Security Insurance Co.<br>2901 Johnston Street, Suite 400<br>Lafayette, LA 70503<br>Reference #07-2428072 | $26,485.25 |
| Harco National Insurance Company<br>ATTN: Linda Paulek<br>P.O. Box 68309<br>Schaumburg, IL 60168 | $15,636.64 |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 6 - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 3:08CR00002-004 | Judgment - Page 11 of 11 |
| DEFENDANT: | COREY PEMBROOK | |

| | |
|---|---:|
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #CMINT1016366 | $13,735.00 |
| Barker Automotive<br>1662 Martin Luther King Boulevard<br>Houma, LA 70360<br>Reference Claim #CMINT1016366 | $1,000.00 |
| Motor City Auto Sales<br>ATTN: Jean Paul Guidry<br>1909 Johnston<br>Lafayette, LA 70505<br>Reference 2002 Pontiac Trans Am Firebird | $4,500.00 |
| Motors Insurance<br>ATTN: George Saffo<br>P.O. Box 105706<br>Atlanta, GA 30348<br>Reference Claim #CMINT1016901 | $10,550.00 |
| LeBlanc Nissan, LLC<br>14295 Airline Highway<br>Gonzales, LA 70737 | $5,000.00 |
| South Bay Autoplex<br>8325 Florida Boulevard<br>Baton Rouge, LA 70806 | $5,500.00 |
| MetLife Auto & Home<br>Subrogation - Warwick<br>Mail Processing Center<br>P.O. Box 1503<br>Latham, NY 12110-1503<br>Reference Claim #NSA26519 | $8,692.33 |
| TOTAL | $299,351.91 |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.